# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| GREGORY FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV620-026 |
| | ) | |
| TIMOTHY C. WARD, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Gregory Foreman filed this 42 U.S.C. § 1983 complaint alleging Eighth Amendment violations and that he was placed in Tier II confinement without an initial administrative segregation placement hearing in violation of his due process rights. *See* doc. 1 at 2-3. The Court approved for service only his due process allegations against Defendants Doe, Nelson, Adams, Godfrey, Johnson, and Cardenas. Those Defendants were served, docs. 20, 21, 23, 24, 25, 28. Defendants answered, docs. 33, 37, and they have moved for summary judgment, docs. 43, 45. Foreman alerted the Court of a change of address after the Defendants filed their Motions, and thereafter, the Defendants filed notices with the Court indicating that they had served their Motion on

Foreman through the United States Postal Service at his new address. *See* docs. 48, 49. However, Foreman has failed to respond to the Motions for Summary Judgment despite three months having passed since the second service. *See* doc. 46 (Clerk's Notice of Motion requiring response no later than December 27, 2023); *see generally* docket.

Foreman's failure to respond to the Motions for Summary Judgment suggested that he may have abandoned his claims, so the Court ordered him to show cause as to his failure to reply. Doc. 50. In its Order to Show Cause, the Court warned Foreman that failure to respond would result in a recommendation that his case be dismissed. *Id.* at 3. The Court also noted that it has the authority to prune cases from its dockets where parties have failed to prosecute their cases, and that failure to respond to a motion for summary judgment has been recognized as a failure to prosecute, under Rule 41. *See id.* at 2 (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Wedgeworth v. Corizon Health*, 2013 WL 4791619, at *1 (S.D. Ala. Sept. 6, 2013)). Foreman did not respond to the Order to Show Cause. *See generally*, docket.

It appears that Foreman has abandoned his claims.  Given the Court's prior warning and noting that it has been four months since Foreman has filed anything on the docket, the Court **RECOMMENDS** that this case be **DISMISSED** for failure to prosecute.  This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED and RECOMMENDED,** this 22nd day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA